IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA CURRY AND
RHIANNON MONTOYA,

      Plaintiffs,

v.                                                                                    No. CIV 20-0116 RB/SCY

OFFICER MALCOLM J. GONZALES,
OFFICER JOSEPH J. MARTINEZ,
OFFICER J.P. VALDEZ, WARDEN
MARIANNA VIGIL, AND CAPTAIN
ROBERT GONZALES, IN THEIR
INDIVIDUAL CAPACITIES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On February 8, 2020, Plaintiffs Lisa Curry and Rhiannon Montoya, former inmates at the Springer Correctional Center (SCC) in Springer, New Mexico, filed a complaint for civil rights violations, state tort claims, and damages. Ms. Curry alleges that Defendant Joseph Martinez sexually assaulted her; Ms. Montoya alleges that Defendants Malcolm Gonzales and J.P. Valdez sexually assaulted her.

In January 2021, the State of New Mexico charged Mr. Martinez with two counts of criminal sexual penetration in the second degree in violation of N.M. Stat. Ann. § 30-9-11(E)(2). Ms. Curry is one of two alleged victims listed in the criminal complaint. Mr. Martinez now moves the Court for a stay of discovery related to all allegations relevant to his conduct and resignation of employment with the New Mexico Department of Corrections. Having considered the parties' arguments and balanced the applicable interests, the Court will order a temporary limited stay of discovery as defined in this Opinion.

**I.      Background**

Plaintiffs filed their complaint in this Court on February 8, 2020. (Doc. 1.) Relevant to this Opinion, Ms. Curry alleges that while she was an inmate at SCC, Mr. Martinez, in his capacity as a correctional officer, repeatedly raped her over a period of approximately one year. (*Id.* ¶¶ 16, 21–79.) She brings claims against Mr. Martinez for violations of her Eighth Amendment right to be free from sexual assault and for intentional torts under state law. (*Id.* ¶¶ 161–66, 174–76.) Ms. Curry alleges that Defendants Robert Gonzales and Marianna Vigil, as Chief of Security and Warden of SCC respectively, violated her constitutional rights to be free from sexual assault and negligently operated a public facility in violation of state law. (*See id.* ¶¶ 161–66, 177–80.)

The parties have engaged in discovery, which was originally set to terminate on February 19, 2021. (*See* Doc. 34.) That deadline has been extended twice—first upon motion by Plaintiffs, and again upon motion by Mr. Martinez—and is now set to close on August 14, 2021. (*See* Docs. 62–63; 77–78.) Trial is scheduled to begin in February 2022. (*See* Doc. 39.) Mr. Martinez now seeks to stay discovery related to all allegations involving his own conduct, because there is a parallel state criminal proceeding pending. *See New Mexico v. Martinez*, M-9-FR-2021-00007 (Colfax Cty. Magistrate N.M.).

**II.     Analysis**

Mr. Martinez argues that because parallel criminal and civil proceedings are ongoing, a limited stay of discovery is necessary so that he may "exercise his Fifth Amendment right not to incriminate himself, to prevent [Ms.] Curry from taking advantage of broader discovery rights, and to prevent the exposure of [his] criminal defense strategy to the prosecution." (Doc. 81 at 2.) Ms. Curry contends that a stay will prejudice her and asks the Court to deny the motion. The Court finds that a temporary, limited stay of discovery is fair under the circumstances of this case.

Courts have broad discretion to stay discovery in a civil case while parallel criminal proceedings are pending. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *Chand v. Corizon Med.*, No. 1:15-CV-00967-WJ-KRS, 2018 WL 3935038, at *1 (D.N.M. Aug. 16, 2018); *Urrutia v. Montoya*, No. CV 16-00025 MCA/SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016). While "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[,]" a "court must consider the extent to which a party's Fifth Amendment rights are implicated" in deciding whether to grant a stay. *Creative Consumer*, 563 F.3d at 1080 (quotation marks and citation omitted). Courts may also consider a stay to "prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* (citation omitted). In determining whether to grant a stay, courts balance six factors:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Urrutia*, 2016 WL 9777168, at *1 (quoting *Hilda M. v. Brown*, No. 10-02495, 2010 WL 5313755, at *3 (D. Colo. Doc. 20, 2010)).

### A. Overlap of Issues

Mr. Martinez asserts that the allegations against him are identical to those in the criminal case. (Doc. 81 at 6.) "They involve the same alleged conduct, the same events, the same timeframe, and the same alleged victim." (*Id.*) He argues that because "[t]he extent of overlap is the most important factor in ruling on a motion to stay[,]" *Hilda*, 2010 WL 5313755, at *3 (quotation marks and citation omitted), this factors "weighs in favor of staying the civil proceeding." (Doc. 81 at 6.)

3

Ms. Curry asserts that because she has other claims against the supervisory defendants and Ms. Montoya has claims unrelated to Mr. Martinez, the overlap "is not complete." (Doc. 83 at 6.) She urges the Court to fashion other remedies instead of granting a stay of discovery. (*Id.* at 6.)

The Court agrees that the misconduct attributed to Mr. Martinez in the civil complaint overlaps with that charged in the criminal complaint. This factor supports granting a stay.

### B.     Status of the Case

The *Hilda* court observed that "[a] stay of a civil case is most appropriate where" an indictment of the party has issued. *Hilda*, 2010 WL 5313755, at *4 (quotation omitted). This is because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued," and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.* (quotation omitted). The state court docket reflects: (1) Mr. Martinez was criminally charged in Colfax County Magistrate Court on January 12, 2021; (2) he waived his preliminary hearing on February 18, 2021; (3) a criminal information was filed on February 19, 2021; and (4) the matter was bound over for trial on February 19, 2021. *See Martinez*, M-9-FR-2021-00007 (Colfax Cty. Magistrate N.M.); *see also New Mexico v. Martinez*, Notice of Hr'g (Arraignment) (8th Jud. Dist. N.M. Feb. 22, 2021); *Herrera v. Sanchez*, 328 P.3d 1176, 1181 (N.M. 2014) (noting that an indictment and an information both provide a "neutral determination of probable cause") (citation omitted). An arraignment hearing is scheduled for March 24, 2021. *See Martinez*, Notice of Hr'g (Arraignment) (8th Jud. Dist. N.M. Feb. 22, 2021). While the criminal matter has not been scheduled for trial, the Court holds out hope that any prejudice to Ms. Curry "is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Urrutia*, 2016 WL 9777168, at *2 (quotation omitted).

### C. Balancing of Plaintiff's Versus Defendant's Interests

The third and fourth factors relate to the interests of the parties and the potential prejudice to each. Ms. Curry contends that she will be severely prejudiced by a stay: "witnesses' memories will fade with the passage of time, and" many of her witnesses, "former prisoners and former SCC employees, will become increasingly difficult to locate." (Doc. 83 at 6.) The Court agrees that Ms. Curry has a strong interest in uninterrupted discovery. Yet, a stay need not completely halt this lawsuit. "[B]ecause discovery would only be stayed as to [Mr. Martinez], [Ms. Curry] has the opportunity to pursue other avenues of discovery during the pendency of any stay entered in this case." *See Urrutia*, 2016 WL 9777168, at *2 (citation omitted).

In the absence of a stay, the prejudice to Mr. Martinez is clear. On one hand, he could make potentially incriminating statements during civil discovery, which might prejudice him in his criminal case. On the other hand, he could invoke his Fifth Amendment right to silence, knowing that it "might cause an adverse inference to be drawn against him in his civil case." *Id.* at *3 (citing *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985)). While the Court recognizes that "stays of the normal proceedings . . . should be the exception rather than the rule" even in the face of this constitutional dilemma, *see Hilda M.*, 2010 WL 5313755, at *3 (citations omitted), the potential prejudice to Mr. Martinez outweighs that to Ms. Curry at this time.

### D. The Interests of the Court and the Public

Ms. Curry emphasizes the Court's and the public's interest in moving this lawsuit along. (Doc. 83 at 7–8.) Although the Court favors the expedient resolution of all cases on its docket, that interest may also be protected by allowing a stay during the pendency of the state criminal proceedings. As the *Hilda M.* court observed, a "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) may reduce the scope of discovery in the civil

case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." 2010 WL 5313755, at *6 (quotation marks and citation omitted). Moreover, "[b]ecause of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Id.* (quotation omitted). In short, these factors do not weigh strongly in either direction.

### III.  Conclusion

On balancing the relevant factors, the Court finds that a temporary, limited stay of discovery is warranted. The Court will stay discovery with respect to Mr. Martinez's conduct and his resignation from the New Mexico Department of Corrections. This stay will be in effect through July 2, 2021. The Court directs Mr. Martinez to file a notice on or before that date, updating the Court on the status of the criminal proceedings.

**THEREFORE,**

**IT IS ORDERED** that Mr. Martinez's Opposed Motion for a Stay of Discovery (Doc. 77) and Second Motion for Stay of Discovery (Doc. 81) are **GRANTED IN PART** as described above;

**IT IS FURTHER ORDERED** that Mr. Martinez shall file a notice on or before **July 2, 2021**, to update the Court on the status of the criminal proceedings;

**IT IS FURTHER ORDERED** that the Motion for Hearing (Doc. 88) is **DENIED AS MOOT.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE