IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA CURRY AND
RHIANNON MONTOYA,

      Plaintiffs,

v.                                                                                          No. CIV 20-0116 RB/SCY

OFFICER MALCOLM J. GONZALES,
OFFICER JOSEPH J. MARTINEZ,
OFFICER J.P. VALDEZ, WARDEN
MARIANNA VIGIL, AND CAPTAIN
ROBERT GONZALES, IN THEIR
INDIVIDUAL CAPACITIES,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Lisa Curry and Rhiannon Montoya, former inmates at the Springer Correctional Center (SCC) in Springer, New Mexico, allege that three correctional officers sexually assaulted them and that Warden Marianna Vigil and Chief of Security Robert Gonzales failed to protect them from the assault. Relevant to this opinion, Plaintiffs seek money damages from Gonzales and Vigil for negligent operation or maintenance of a public facility under the New Mexico Tort Claims Act (NMTCA), N.M. Stat. Ann. § 41-4-6. Defendants argue that because New Mexico has not waived its Eleventh Amendment immunity for claims involving money damages under the NMTCA, and because N.M. Stat. Ann. § 41-4-18(A) provides that "[e]xclusive original jurisdiction for any claim under the [NMTCA] shall be in the district courts of New Mexico[,]" this Court does not have jurisdiction to hear Plaintiffs' state law tort claim. For the reasons discussed below, the Court finds that Defendants have properly invoked Eleventh Amendment immunity and will dismiss Count IV without prejudice.

I.   **Background**[1]

Plaintiffs allege that Defendants Malcolm Gonzales, Joseph Martinez, and J.P. Valdez sexually assaulted them. (*See* Doc. 1 (Compl.) ¶¶ 21–160.) They also allege that they were retaliated against for reporting the assault, and that Vigil and Gonzales knew or should have known about the possibility of assault but failed to protect them. (*See id.* ¶¶ 161–66, 177–80.) Plaintiffs assert one claim against Vigil and Gonzales under the NMTCA. Defendants seek dismissal of this state tort law claim on the basis that it is not properly before this Court. (*See* Doc. 97.)

II.   **Legal Standard**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citation omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). To survive a motion to dismiss, the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

III.   **Analysis**

Defendants move for dismissal of Plaintiffs' claim under § 41-4-6 on the basis that "the

---

[1] Because the specific factual allegations are not at issue in this Opinion, the Court provides only the briefest of backgrounds.

State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty" only in "actions commenced in the state district courts." (Doc. 97 at 2 (discussing N.M. Stat. Ann. § 41-4-18(A)).) Defendants argue that because they are state employees, the NMTCA claim is not properly before this Court pursuant to § 41-4-18(A). (*See id.*) Plaintiffs disagree and argue: (1) Eleventh Amendment immunity does not extend to suits against state employees in their individual, rather than official, capacity; and (2) the Court has supplemental jurisdiction over the NMTCA claim under 28 U.S.C. § 1367. (*See* Doc. 103.)

### A.   Eleventh Amendment Immunity

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)). "A state, however, may waive its eleventh amendment immunity and consent to suit against itself, related entities and employees." *Id.* (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The State of New Mexico has waived its immunity and "consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts" under the NMTCA. *Id.* (citing N.M. Stat. Ann. §§ 41-4-4–6). This immunity includes negligence in the operation or maintenance of a public facility under § 41-4-6, which Plaintiffs assert here.

Section 41-4-18(A) provides that "[e]xclusive jurisdiction for any claim under the [NMTCA] shall be in the district courts of New Mexico." N.M. Stat. Ann. § 41-4-18(A). Defendants contend that under this section, Plaintiffs may not bring their state law negligence claim in this Court. (*See* Doc. 97.) Plaintiffs argue that Eleventh Amendment immunity does not apply to claims brought against state officials in their individual, rather than official, capacity.

(Doc. 103 at 3.) Yet, the NMTCA defines public employees as "persons acting on behalf or in service of a governmental entity in any *official capacity* . . . ." N.M. Stat. Ann. § 41-4-3(F)(3) (emphasis added). Under this definition, it does not appear that the NMTCA allows for a suit against a public employee in an "individual capacity."

Plaintiffs contend that *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991), and *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), support a finding that "where the claims are filed against a defendant in his/her individual, not official, capacity the Eleventh Amendment does not apply and dismissal in the U.S. District Court is not warranted." (Doc. 103 at 3.) *Hafer* and *Scheuer* are inapposite, though, because they involve federal civil rights claims under 42 U.S.C. § 1983, rather than state tort claims under the NMTCA. Thus, they both "stand for the unrelated proposition that the [E]leventh [A]mendment does not bar suits brought pursuant to 42 U.S.C. § 1983 against state officials in their individual capacities for violation of federal rights." *Ramirez v. Martinez*, No. 20-CV-824 MV/SMV, 2021 WL 1294909, at *3 (D.N.M. Apr. 7, 2021) (citing *Hafer*, 502 U.S. at 31 (holding that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983" and that the "Eleventh Amendment does not bar such suits"); *Scheuer*, 416 U.S. at 237 ("[I]t has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.")).

Indeed, the New Mexico Court of Appeals has stated that the terms "official capacity" and "individual capacity" are applicable to "a civil rights action brought pursuant to 42 U.S.C. § 1983," but are "inappropriate" in actions alleging tort claims under the NMTCA. *Vigil v. State Auditor's Off.*, 116 P.3d 854, 858 (N.M. Ct. App. 2005). The state appellate court previously explained that "the distinction between a state official in an official capacity and a state official in an individual capacity does not turn on the type of conduct involved[, but] . . . on procedural considerations and

4

the relief sought." *Ford v. N.M. Dep't of Pub. Safety*, 891 P.2d 546, 551 (N.M. Ct. App. 1994).[2] Both involve "misconduct in office." *See id.* at 552. In an "official capacity" suit, the claim is essentially against the state: "when an official sued in this capacity . . . dies or leaves office, her successor automatically assumes her role in the litigation." *See id.* In an "individual capacity" suit, "the defendant is the individual, not the office." *See id.* If the official were to leave office, "the official's successor . . . is not substituted as the defendant in the litigation." *See id.*

Still, although the suit is against the individual, § 41-4-4(D) obligates the state to pay any money judgment entered against the individual state employee defendant. *See Ramirez*, 2021 WL 1294909, at *2; *Conner v. Rodriguez*, No. 10-CV-512 WJ/WDS, 2011 WL 13289643, at *2 (D.N.M. Aug. 10, 2011). Defendants argue that this makes the State, and not Defendants, "the real, substantial party in interest . . . ." (Doc. 104 at 6–7 (citing *Wojciechowski v. Harriman*, 607 F. Supp. 631, 633 (D.M.N. 1985)).) Plaintiffs disagree and contend that the named Defendants here are the "real parties in interest" because it was "their own actions and omissions [that] gave rise to the allegations in Plaintiffs' complaint." (Doc. 103 at 5.) Relevant caselaw supports Defendants' position. "The eleventh amendment bars a suit for damages in federal court when the action is in essence one for recovery of money from the state and the state is the real, substantial party in interest, notwithstanding that individual officials are nominal defendants." *Ramirez*, 2021 WL 1294909, at *2 (quoting *Wojciechowski*, 607 F. Supp. at 633).

Plaintiffs believe that "the Tenth Circuit has held that state statutes that indemnify individuals from the consequences of carrying out their duties do not alone make the state the real

---

[2] *Ford* involved a question of claim preclusion: whether the plaintiff's (Ford's) state court claim was "barred by his loss in previous [federal] litigation." *See* 891 P.2d at 548. In deciding the issue, the court analyzed whether Ford could have brought his NMTCA claim against the state official in his individual capacity in the federal suit. *See id.* at 550–52. The court found that Ford could have brought the claim in federal court, but in so holding, it specified that Ford had *not* relied on § 41-4-18(A). *Id.* at 552 n.2.

party in interest." (Doc. 103 at 5–6 (citing *Griess v. Colorado*, 841 F.2d 1042, 1047 (10th Cir. 1988)).) As with *Hafer* and *Scheuer*, though, the Tenth Circuit in *Griess* was concerned with federal claims under § 1983, not with state law tort claims. *See, e.g.*, *Robbins v. Jefferson Cty. Sch. Dist. R-1*, 186 F.3d 1253, 1260 (10th Cir. 1999), *abrogated on other grounds by Kelley v. City of Albuquerque*, 542 F.3d 802 (10th Cir. 2008) ("In *Griess*, we only held that, by enacting the CGIA, the state of Colorado had not waived its Eleventh Amendment immunity to federal claims brought in federal court."). Thus, *Griess* does not provide the support that Plaintiffs seek.

Plaintiffs' argument on this issue is nearly identical to that in *Ramirez*, a case involving the same two named Defendants (Gonzales and Vigil) and where the plaintiffs were represented by the same counsel. *See* 2021 WL 1294909. The *Ramirez* court found in the defendants' favor, noting that "the only 'narrow exception' to the bar of eleventh amendment immunity 'occurs when a state official is sued for non-monetary injunctive relief from constitutional violations in his individual capacity.'" *Id.* at *2 (quoting *Wojciechowski*, 607 F. Supp. at 633). Because Plaintiffs seek compensatory and punitive damages instead of injunctive relief, the exception does not apply here. *See id.* (*See also* Compl.) Ultimately, the Court finds that Eleventh Amendment immunity applies to bar Plaintiffs from bringing their NMTCA claim against the named Defendants in this Court.

**B.     Supplemental Jurisdiction**

Plaintiffs argue that regardless of Eleventh Amendment immunity, the Court may exercise supplemental jurisdiction over the NMTCA claim under 28 U.S.C. § 1367, as it is "part of the same case or controversy." (Doc. 103 at 8 (quotation omitted).) They assert that "numerous courts have ruled that[] unless one of the conditions of 28 U.S.C. § 1367(c)[3] exists, courts are not free to

---

[3] Under 28 U.S.C. § 1367(c),
    district courts may decline to exercise supplemental jurisdiction . . . if—
    (1) the claim raises a novel or complex issue of State law,

decline [to exercise supplemental] jurisdiction." (*Id.* at 9.) Plaintiffs cite several cases in support. (*See id.* at 9–10 (citing *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161 (10th Cir. 2004); *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559 (11th Cir. 1994); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442 (2d Cir. 1998); *McLaurin v. Prater*, 30 F.3d 982 (8th Cir. 1994); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545 (9th Cir. 1994), *overruled by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *Koch v. City of Del City*, 660 F.3d 1228 (10th Cir. 2011)).) Not one of these cases involve Eleventh Amendment sovereign immunity and, thus, they are inapplicable.

The *Ramirez* court also examined Plaintiffs' argument regarding pendent jurisdiction and found it lacking. "[T]his Court has considered and rejected this argument as 'incorrect as a matter of law.'" *Ramirez*, 2021 WL 1294909, at *3 (quoting *Quarrie v. N.M. Inst. of Mining & Tech.*, No. 13-cv-349, 2014 WL 11456598, at *2 (D.N.M. Feb. 25, 2014)). The *Quarrie* court explained that "immunity under the Eleventh Amendment is not abrogated by 28 U.S.C. § 1367, and therefore, § 1367 does not authorize federal district courts to exercise jurisdiction over claims against nonconsenting states." 2014 WL 11456598, at *2 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002) (holding that "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants")); *see also Snodderly v. Kansas*, 79 F. Supp. 2d 1241, 1243–44 (D. Kan. 1999) ("§ 1367 (supplemental jurisdiction) does not abrogate Kansas' Eleventh Amendment immunity").

Plaintiffs assert that the *Ramirez* court's holding was incorrect and that *Quarrie* is

---

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

7

distinguishable. (*See* Doc. 103 at 10–12.) They first assert that "[t]he *Quarrie* court determined that the defendants were entitled to Eleventh Amendment protections given that they were named in their official capacities." (Doc. 103 at 12.) This is a misleading summary of the opinion, as the *Quarrie* court did not discuss the capacity in which the defendants were named. *See* 2014 WL 11456598. And as the Court explained above, this difference is irrelevant because the NMTCA does not recognize "individual capacity" lawsuits, and because the state will be on the hook for money damages and is, therefore, the real party in interest.[4] Plaintiffs also note that the *Quarrie* plaintiff's claims did not "fit within any of the enumerated categories of actionable torts under the NMTCA[,]" unlike the claim here, which is properly brought under § 41-4-6. (Doc. 103 at 12 (citing *Quarrie*, 2014 WL 11456598, at *2).) While this may be true, the Court noted it as an additional basis to dismiss the claims. *See* 2014 WL 11456598, at *2. The Court primarily found that "[s]overeign immunity under the Eleventh Amendment is not abrogated by 28 U.S.C. § 1367 . . . ." *Id.*; *see also Doran By & Through Doran v. Condon*, 983 F. Supp. 886, 889 (D. Neb. 1997) (holding that "the grant of supplemental jurisdiction contained in 28 U.S.C. § 1367 cannot displace the Eleventh Amendment's explicit limitations on federal jurisdiction, and thus section 1367 does not waive the State of Nebraska's immunity from suit against Plaintiffs' [state law] tort claims").

One aspect of Eleventh Amendment immunity may have caused some confusion. The Tenth Circuit has opined that "it is unclear whether the Supreme Court would consider Eleventh Amendment immunity to be an affirmative defense or a jurisdictional bar (which nonetheless can be waived) for the purposes of the removal statute." *Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir. 1997) (citation omitted). "The Supreme Court has long recognized that the Eleventh

---

[4] The *Quarrie* plaintiff sought money damages, and thus the state was the real party in interest. *See, e.g.*, *Quarrie v. N.M. Inst. of Mining & Tech.*, 13cv0349 MV-SMV, Am. Comp. ¶¶ 178, 310, 347 (D.N.M. Aug. 5, 2013).

8

Amendment defense possesses qualities both of subject matter jurisdiction, in that it can be raised for the first time on appeal, and that of personal jurisdiction, in that it can be waived by the affected party." *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 677–78, (1974); *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997)). Plaintiffs state that "[t]he plaintiff in *Conner* erroneously argued that 'the Eleventh Amendment bar is not strictly jurisdictional and can be waived by a defendant who wishes to litigate such claims in federal court[.]" (Doc. 103 at 11 (citing *Conner*, 2011 WL 13289643, at *2).) It is Plaintiffs who are mistaken. If they found cases in which the federal district court exercised supplemental jurisdiction over state law tort claims against state employees, it may be because the plaintiffs in those cases failed to raise the issue, and the courts were not required to discuss it sua sponte. *See, e.g.*, *Gallegos v. Bernalillo Cty. Bd. of Comm'rs*, No. CV 16-0127 JB/WPL, 2017 WL 3575883, at *34 (D.N.M. Aug. 17, 2017) (noting that "the Court may raise sua sponte the sovereign-immunity issue, . . . but—unlike other defenses to subject matter jurisdiction—a court is not required to do so") (citing *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420 (10th Cir. 1997); *Nelson v. Geringer*, 295 F.3d at 1098 ("[J]udicial consideration of Eleventh Amendment issues sua sponte is discretionary, not mandatory.")).

Because Defendants have invoked Eleventh Amendment immunity and Plaintiffs fail to show any waiver of that immunity, the Court finds that Defendants' motion to dismiss the state law tort claim should be granted.

**THEREFORE,**

**IT IS ORDERED** that the Partial Motion for Judgment on the Pleadings as to Plaintiff's Claims Pursuant to the NMTCA (Doc. 97) is **GRANTED**;

9

**IT IS FURTHER ORDERED** that Plaintiffs' NMTCA claim brought under § 41-4-6 (Count IV) is **DISMISSED WITHOUT PREJUDICE** as to Defendants Robert Gonzales and Marianna Vigil[5] (*see* Doc. 98).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[5] In their Notice of Joinder, Defendants Marianna Vigil, Malcolm Gonzales, Joseph Martinez, and J.P. Valdez joined the motion for summary judgment. (*See* Doc. 98.) Plaintiffs do not, however, name M. Gonzales, Martinez, or Valdez in Count IV.